# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Joshua Eugene Gaddis, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>South Carolina Department of )<br>Corrections; Correction Officer )<br>Williamson, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 0:19-CV-2510-TMC<br><br>**ORDER** |

Plaintiff Joshua Eugene Gaddis, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff alleges that Defendants failed to protect him from harassment by other inmates and were deliberately indifferent to his medical needs. *Id.* at 4–8. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Defendants filed a motion for summary judgment (ECF No. 74), Plaintiff filed a response in opposition to summary judgment (ECF No. 81), and Defendants filed a reply (ECF No. 82).

On February 11, 2021, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the court grant Defendants' motion for summary judgment. (ECF No. 84). The magistrate judge concluded that

1

Plaintiff's claims for damages against the South Carolina Department of Corrections ("SCDC") are barred by the Eleventh Amendment and that Plaintiff failed to allege facts that would demonstrate Defendant Williamson was involved in the alleged constitutional violations. *Id*. at 4–5. The Report was mailed to Plaintiff at the address he provided to the court. (ECF No. 85). Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 84 at 7), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific

objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report (ECF No. 84), which is incorporated herein, and **GRANTS** Defendants' motion for summary judgment (ECF No. 74).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
March 4, 2021

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.